IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALYSEKA CONDOMINIUM § | | |
| HOMEOWNER'S ASSOCIATION, INC. § | | PLAINTIFF |
| § | | |
| v. § | | CAUSE NO. 1:06CV1271 LG-JMR |
| § | | |
| AMERICAN RELIABLE INS. CO., ET AL. § | | DEFENDANTS |

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [48] filed by Defendants American Reliable Insurance Company and American Bankers Insurance Company of Florida (the "Insurance Companies"). Plaintiff has filed a response, and the Insurance Companies have replied. After due consideration of the Motion, pleadings on file and the relevant law, it is the Court's opinion that the remaining claims against the Insurance Companies present no question of material fact for the jury. Accordingly, the Motion will be granted.

DISCUSSION

Plaintiff filed this suit against the Defendants after discovering that the National Flood Insurance Program ("NFIP") flood insurance policy it had purchased for its two condominium buildings was inadequate to cover its losses. The two buildings, each consisting of five condominium units, were insured for $550,000 each. Plaintiff alleges that in July 2005, it inquired into raising the limits of its flood insurance. This inquiry was made to Defendant Keith Josey, an insurance agent in the Josey Insurance Group.[1] According to the Complaint, Josey in turn inquired about raising Plaintiff's flood insurance limits to Defendants American Reliable

---

[1] Plaintiff has brought negligence and negligent misrepresentation claims against the Defendants Keith Josey and Josey Insurance Group. On August 13, 2007, the clerk made an entry of default pursuant to FED. R. CIV. P. 55(a) against these Defendants.

and/or American Bankers and was informed that Plaintiff already had the maximum coverage available - $550,000 per building. Relying on this information, Plaintiff renewed its flood insurance policies with the same coverage limits. After Hurricane Katrina destroyed the south building and substantially damaged the north building, Plaintiff discovered that it could have insured each condominium unit for $250,000 - a total of $1,250,000 per building.

The Insurance Companies have obtained an order of dismissal of Plaintiff's negligence and negligent misrepresentation claims, Ct. R. 41, and now move for summary judgment as to the remaining claim against them - breach of contract. Although this claim is made against both Insurance Companies, the parties agree that American Bankers Insurance Company of Florida did not issue Plaintiff's policy of flood insurance. Plaintiff concedes that the breach of contract claim is only applicable to American Reliable Insurance Company and should be dismissed against American Bankers Insurance Company of Florida. Ct. R. 51 p. 2.

BREACH OF CONTRACT:

In a breach of contract claim, the plaintiff must prove by a preponderance of evidence: (1) the existence of a valid and binding contract, (2) the defendant has breached the contract, and (3) the plaintiff has been damaged monetarily. *Suddith v. Univ. of S. Miss.* 977 So.2d 1158, 1175 (Miss.App. 2007) (citations omitted).

There is no dispute that there is a valid and binding contract between Plaintiff and American Reliable Insurance Company. American Reliable is a Write Your Own insurer under the National Flood Insurance Act, and thus is a "fiscal agent" of the United States for administration of the NFIP. *See* 42 U.S.C. § 4071. Plaintiff agrees that American Reliable properly calculated and applied the co-insurance penalty that reduced Plaintiff's recovery under

and/or American Bankers and was informed that Plaintiff already had the maximum coverage available - $550,000 per building. Relying on this information, Plaintiff renewed its flood insurance policies with the same coverage limits. After Hurricane Katrina destroyed the south building and substantially damaged the north building, Plaintiff discovered that it could have insured each condominium unit for $250,000 - a total of $1,250,000 per building.

The Insurance Companies have obtained an order of dismissal of Plaintiff's negligence and negligent misrepresentation claims, Ct. R. 41, and now move for summary judgment as to the remaining claim against them - breach of contract. Although this claim is made against both Insurance Companies, the parties agree that American Bankers Insurance Company of Florida did not issue Plaintiff's policy of flood insurance. Plaintiff concedes that the breach of contract claim is only applicable to American Reliable Insurance Company and should be dismissed against American Bankers Insurance Company of Florida. Ct. R. 51 p. 2.

BREACH OF CONTRACT:

In a breach of contract claim, the plaintiff must prove by a preponderance of evidence: (1) the existence of a valid and binding contract, (2) the defendant has breached the contract, and (3) the plaintiff has been damaged monetarily. *Suddith v. Univ. of S. Miss.* 977 So.2d 1158, 1175 (Miss.App. 2007) (citations omitted).

There is no dispute that there is a valid and binding contract between Plaintiff and American Reliable Insurance Company. American Reliable is a Write Your Own insurer under the National Flood Insurance Act, and thus is a "fiscal agent" of the United States for administration of the NFIP. *See* 42 U.S.C. § 4071. Plaintiff agrees that American Reliable properly calculated and applied the co-insurance penalty that reduced Plaintiff's recovery under

the policy from $550,000 to $342,204.12. Ct. R. 51 p. 2. Plaintiff does not allege that any provision of the policy was breached by American Reliable. Under these circumstances, regardless of Plaintiff's monetary loss, there can be no valid claim for breach of contract. American Reliable is entitled to judgment as a matter of law because there is no question of material fact for the jury in regard to breach of contract.

EQUITABLE ESTOPPEL:

Plaintiff argues that American Reliable should be estopped from applying the co-insurance penalty, even though it was properly calculated and applied, because Plaintiff purchased the maximum amount of coverage that American Reliable said was available. Ct. R. 51 p. 4. Plaintiff wanted the maximum amount of insurance available and would have purchased more. *Id.* at 3. Because it relied on American Reliable's representation of what was available, Plaintiff was unaware that it was under insured. *Id.* at 4. As a result of being under insured, Plaintiff was penalized approximately $200,000 by operation of the policy's co-insurance provision.

Plaintiff did not allege a claim of equitable estoppel in its Complaint, but both parties have briefed the issue. As noted above, American Reliable is a fiscal agent of the United States in regard to this flood insurance policy. All benefits are appropriated by Congress and paid directly from the U.S. Treasury. *See* 42 U.S.C. § 4017. Therefore, the Court is "powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution." *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998). The Supreme Court has "never upheld an estoppel claim against the Government for the payment of money." *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 415 (1990).

"[J]udicial use of the equitable doctrine of estoppel cannot grant [] a money remedy that Congress has not authorized." *Id*. at 414-15. Accordingly, American Reliable cannot be equitably estopped from applying the co-insurance penalty that reduced Plaintiff's NFIP benefits, because to do so would grant a money remedy that Congress has not authorized.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [48] filed by Defendants American Reliable Insurance Company and American Bankers Insurance Company of Florida is **GRANTED**. Plaintiff's remaining claims against these Defendants are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 22nd day of May, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE